**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4166**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CARISA M. CONFERE,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, Chief District Judge.   (2:10-cr-00020-JPB-JSK-1)

_____

Submitted: July 19, 2011             Decided: August 11, 2011

_____

Before NIEMEYER, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Stephen G. Jory, MCNEER, HIGHLAND, MCMUNN & VARNER, L.C., Elkins, West Virginia, for Appellant.   Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carisa M. Confere appeals from her conviction and 168-month sentence entered pursuant to her guilty plea to one count of aiding and abetting the manufacture of methamphetamine, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(C) (West 1999 & Supp. 2011). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Confere knowingly and intelligently pleaded guilty, whether Confere should have received a lower sentence for assisting the Government, and whether the court imposed an unreasonable sentence. Confere filed a pro se supplemental brief asserting the first two issues raised by her counsel. The Government filed a motion to dismiss the appeal on the basis of the appellate waiver contained in Confere's plea agreement; Confere's counsel opposed the motion.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that Confere knowingly and intelligently waived her right to appeal. Because we conclude that the waiver is valid and enforceable as to Confere's challenges to her sentence, we grant the Government's motion to dismiss in part and dismiss Confere's appeal of her sentence.

2

The language of Confere's waiver does not encompass her challenge to the validity of her guilty plea. Therefore, we deny the motion to dismiss as to this claim. However, our review convinces us that the claim lacks merit. Prior to accepting a guilty plea, a trial court must inform the defendant of the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Because the record confirms that the district court complied with the requirements of Rule 11, we conclude that Confere's guilty plea was knowing and voluntary.

In accordance with Anders, we have reviewed the record in this case and have found no unwaived and meritorious issues for appeal. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>